UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH NEELY, individually and on behalf of all others similarly situated, | § § § | Docket No. 4:14-cv-01534 |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § § | COLLECTIVE ACTION |
| HALLIBURTON COMPANY, | § § | PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § § | |

DEFENDANT'S FIRST AMENDED ANSWER

Defendant Halliburton Company files its First Amended Answer to the Original Collective Action Complaint (the "Complaint") of Plaintiff Joseph Neely as follows:

I. ANSWER

SUMMARY

1.      Defendant acknowledges that Plaintiff purports to bring this action as a collective action but denies that Plaintiff may bring such an action, having waived his right to do so, and further denies that this case is suitable for collective treatment and denies that Plaintiff is similarly situated to the class of individuals he seeks to represent.  Defendant further acknowledges that Plaintiff seeks unpaid overtime wages but denies that Plaintiff, or the individuals that he seeks to represent, have suffered or are entitled to recover any damages.  The remaining allegations of Paragraph 1 of the Complaint are denied.

JURISDICTION & VENUE

2.      Defendant admits that this Court has jurisdiction over Plaintiff's claims but denies that the Court's jurisdiction extends to this case.  Pursuant to agreement, Plaintiff's claims are subject to arbitration.

3. Defendant denies that venue is proper in this Court, as Plaintiff's claims are subject to arbitration.

PARTIES

4. Defendant admits that Plaintiff was employed by Defendant as a directional driller from December 2011 until September 2012 and that, at times, Plaintiff may have worked in excess of forty hours in a workweek. Defendant further admits that Plaintiff's purported consent is attached as Exhibit A to the Complaint. The remaining allegations of Paragraph 4 of the Complaint are denied.

5. Defendant acknowledges that Plaintiff purports to bring this action on behalf of himself and putative class members pursuant to the Fair Labor Standards Act ("FLSA"), but denies that this case is appropriate for collective treatment, denies that Plaintiff is similarly situated to other individuals, denies that it violated the FLSA, and denies all other allegations in Paragraph 5.

6. Defendant admits the allegation of Paragraph 6 of the Complaint.

FACTUAL ALLEGATIONS

7. Defendant admits that the Drillers and Operators employed by Defendant perform skilled services at Defendant's customers' well sites and further admits that such Drillers and Operators may use tools, hardhats, and machinery that were either produced for or moved in commerce. Defendant specifically denies that Plaintiff is similarly situated to those individuals that he seeks to represent and denies the remaining allegations of Paragraph 7 of the Complaint.

8. Defendant admits that completion of an undergraduate degree in engineering, science, geology or other technical discipline is preferred but not required. The remaining allegations of Paragraph 8 of the Complaint are denied.

9. Defendant denies the allegation of Paragraph 9 of the Complaint.

10. Defendant denies the allegation of Paragraph 10 of the Complaint.

11. Defendant admits that, at times, Plaintiff worked in excess of forty hours in a workweek. The remaining allegations of Paragraph 11 of the Complaint are denied.

12. Defendant admits that Drillers and Operators are exempt from the overtime requirements of the FLSA but denies the remaining allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations in the first sentence of Paragraph 13 of the Complaint. The remaining allegations of Paragraph 13 of the Complaint are denied.

14. Defendant denies the allegation of Paragraph 14 of the Complaint.

15. Defendant denies the allegation of Paragraph 15 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

16. Defendant acknowledges that Plaintiff purports to bring his claim under the FLSA as a collective action, but denies that the individuals Plaintiff seeks to represent are similarly situated to Plaintiff and denies that this case is suitable for collective treatment. The remaining allegations of Paragraph 16 of the Complaint are denied.

17. Defendant denies the allegation of Paragraph 17 of the Complaint.

18. Defendant admits that Drillers and Operators are paid on a salary basis. The remaining allegations of Paragraph 18 of the Complaint are denied.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

US 2766354v.1

## CAUSE OF ACTION:
## VIOLATION OF THE FLSA

23. Defendant incorporates by reference its admissions and denials to Paragraphs 1 through 22 of the Complaint.

24. Defendant admits that it has been an employer engaged in interstate commerce within the meaning of the FLSA but denies the remaining allegations of Paragraph 24 of the Complaint.

25. Defendant admits that it employed Plaintiff but denies the remaining allegations of Paragraph 25 of the Complaint.

26. Defendant admits that Drillers and Operators are paid on a salary basis and are exempt from the overtime requirements of the FLSA. The remaining allegations of Paragraph 26 of the Complaint are denied.

27. Defendant denies the allegation of Paragraph 27 of the Complaint.

28. Defendant denies the allegation of Paragraph 28 of the Complaint.

## JURY DEMAND

29. Defendant admits that Plaintiff has demanded a jury trial.

## PRAYER

Defendant denies that Plaintiff or those he seeks to represent are entitled to any relief sought, including the relief in the Prayer of the Complaint and specifically at Subparagraphs a–e.

Any and all allegations not expressly admitted are denied.

## II. AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has contractually agreed to submit any claims or disputes regarding the matters made the subject of this lawsuit to binding arbitration before a neutral arbitrator. This

lawsuit violates that agreement and should be dismissed, and this Court should compel Plaintiff to honor his agreement to arbitrate.

2. Plaintiff has waived his right to proceed on a class, collective, or consolidated basis or to serve as a representative in a class or collective action against Defendant.

3. Plaintiff (and the putative class members) meet the requirements for exempt status under the FLSA, as they customarily and regularly perform the exempt duties or responsibilities of an executive, administrative or professional employee.

4. Defendant states that Plaintiff is not similarly situated to the class of individuals he purports to represent.

5. Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendant.

7. Plaintiff cannot recover overtime for time periods that fall within the "*de minimus*" exception.

8. Any failure to pay overtime wages, although such is not admitted and indeed is expressly denied, was made in good faith and in conformity with, and in reliance on applicable case law, administrative regulations, orders, rulings, approvals, interpretations, illustrated practices and/or enforcement policies of the Wage and Hour Division of the United States Department of Labor.

9. Some or all of the putative class members meet the requirements for exempt status under the FLSA, as their total annual compensation equals at least $100,000 and they

5

customarily and regularly perform one or more of the exempt duties or responsibilities of an executive, administrative or professional employee.

10.  If there was a failure to pay overtime wages, although such is not admitted and indeed expressly denied, Plaintiff and others allegedly similarly situated cannot demonstrate that such failure constituted a willful violation of the FLSA or any other law.

11.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

12.  Defendant reserves its right to amend or supplement this First Amended Answer to assert other and further defenses.

### III. PRAYER

WHEREFORE, Defendant Halliburton Company requests that Plaintiff take nothing and that judgment be entered for Defendant; that the Court compel Plaintiff to pursue his claims in arbitration pursuant to his agreement; that Defendant recover its attorneys' fees and costs; and that Defendant have such other and further relief to which it is entitled.

Respectfully submitted,

/s W. Carl Jordan
W. CARL JORDAN
Attorney-in-Charge
Texas Bar No. 11018800
Federal I.D. No. 729
CHRISTIE M. ALCALÁ
Texas Bar No. 24073831
Federal I.D. No. 1450050
VINSON & ELKINS L.L.P.
1001 Fannin, Suite 2500
Houston, TX  77002-6760
Telephone: (713) 758-2258
Facsimile: (713) 615-5334
cjordan@velaw.com
calcala@velaw.com

VANESSA GRIFFITH
Texas Bar No. 00790469
Federal I.D. No. 20094
2001 Ross Ave., Suite 3700
Dallas, TX 75201-2975
Telephone:  (214) 220-7713
Facsimile:   (214) 999-7713
vgriffith@velaw.com

Attorneys for Defendant
HALLIBURTON COMPANY

CERTIFICATE OF SERVICE

I certify that on July 25, 2014, the foregoing document was filed electronically through the Court's CM/ECF System and was automatically copied to Plaintiff through the Court's electronic filing system.

/s Christie M. Alcalá
Attorney for Defendant